**In the Matter of the Petition for Naturalization of Sergio Elejar MENDOZA, Petitioner-Appellee,**

**v.**

**UNITED STATES of America, Respondent-Appellant.**

**No. 79–3478.**

United States Court of Appeals, Ninth Circuit.

July 13, 1984.

Frank O. Bowman, III, Dept. of Justice, Washington, D.C., for respondent-appel-

lant; Frederick M. Brosio, Jr., Asst. U.S. Atty., Los Angeles, Cal., on brief.

Donald L. Ungar, Simmons & Ungar, San Francisco, Cal., for petitioner-appellee.

## ORDER

Before TANG and NORRIS, Circuit Judges; and CARROLL,* District Judge.

In 1978 petitioner Sergio Elejar Mendoza, a Filipino national, filed a petition for naturalization under sections 701–705 of the Nationality Act of 1940, ch. 199, 56 Stat. 182, added by the Second War Powers Act, 1942, 56 Stat 182, as amended, 8 U.S.C. §§ 1001–1005 (1940 ed. Supp. V). Petitioner's claim for naturalization was based on the assertion that the government's administration of the Nationality Act denied him due process of law. The district court did not reach the constitutional issues raised by petitioner, holding only that the government was collaterally estopped from litigating the constitutional issue because of an earlier decision against the government in a case brought by other Filipino nationals in the United States District Court for the Northern District of California. *Matter of Naturalization of 68 Filipino War Veterans*, 406 F.Supp. 931 (N.D.Cal.1975). We affirmed the judgment of the district court granting Mendoza citizenship. *Mendoza v. United States*, 672 F.2d 1320 (9th Cir.1982). The Supreme Court in turn reversed our judgment, holding that "nonmutual offensive collateral estoppel simply does not apply against the government in such a way as to preclude relitigation of issues such as those involved in this case." *United States v. Mendoza*, — U.S. —, 104 S.Ct. 568, 574, 78 L.Ed.2d 379 (1984). The Supreme Court remanded to this court for further proceedings without addressing the merits of petitioner's claim. Accordingly, we remand to the district court for further proceedings consistent with the opinion of the Supreme Court in *United States v. Mendoza*.

* The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting